UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 8, 2017

LETTER TO COUNSEL

      RE:    *Juan Sepulveda Mattei, III v. Commissioner, Social Security Administration*;
              Civil No. SAG-16-3773

Dear Counsel:

      On November 22, 2016, Plaintiff Juan Sepulveda Mattei, III petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 19). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Mattei's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      After previously being denied benefits, (Tr. 85-88, 93-105), Mr. Mattei filed his current claims for benefits on February 11, 2013, alleging a disability onset date of August 11, 2011. (Tr. 274-80). His claims were denied initially and on reconsideration. (Tr. 106-33, 136-65). A hearing was held on July 14, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 54-84). Following the hearing, the ALJ determined that Mr. Mattei was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 31-53). The Appeals Council ("AC") denied Mr. Mattei's request for review, (Tr. 1-9), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Mattei suffered from the severe impairments of "obesity, sleep apnea, irritable bowel syndrome (IBS), and depression - bipolar disorder." (Tr. 36). Despite these impairments, the ALJ determined that Mr. Mattei retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: He cannot squat or crawl. He cannot perform production rate or pace work, cannot work with the public and can only have occasional contact with coworkers. Due to issues with fatigue and additional breaks, he would be off-task 10 percent of the workday. He additionally cannot climb stairs or ladders and needs a cane for ambulation.

(Tr. 39). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Mattei could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 46-47).

Plaintiff makes several arguments on appeal: (1) that the ALJ did not adequately assess his mental limitations; (2) that the ALJ did not adequately assess his physical limitations; (3) that the AC did not adequately consider medical records presented at the appeal level; and (4) that the Commissioner improperly ordered multiple consultative examinations with the same provider. Each argument lacks merit and is addressed below.

First, with respect to his mental limitations, Plaintiff argues that the ALJ disregarded the opinion of the non-examining State agency physicians that he "will function best with tasks that do not require extensive concentration and can be completed alone." Pl. Mot. 7-8 (citing (Tr. 116, 148)). However, although the wording is different, the ALJ's RFC assessment contains the functional equivalent of those restrictions by stating that Plaintiff "cannot perform production rate or pace work," "would be off-task 10 percent of the workday," and "cannot work with the public and can only have occasional contact with coworkers." (Tr. 39).

Plaintiff further argues that the ALJ improperly used his "non-SGA income" as an Uber driver to deny his claim. Pl. Mot. 8. However, the ALJ made no reference to Plaintiff's income, other than to find that the employment was not "substantial gainful employment." (Tr. 36, 44). Instead, the ALJ relied on Plaintiff's ability to perform the duties of an Uber driver without incident to contradict the assertions of severe functional limitations made by Plaintiff's treating therapist, Mr. Schweizer, who suggests that he suffers "frequent disruptions from his bipolar disorder." (Tr. 44).

Next, with respect to physical limitations, Plaintiff argues that the ALJ improperly rejected the opinion of his treating physician, Dr. Nwachinemere. Pl. Mot. 9. Specifically, Plaintiff alleges that the ALJ rejected the opinion as "wholly based on subjective complaints," and suggests that the "findings of non-examiners must necessarily be extremely subjective, since they have never seen Mattei[.]" *Id*. In fact, however, the ALJ also cited the fact that Dr. Nwachinemere's opinion was unsupported by his treatment recommendations and his follow-up testing and imaging. (Tr. 44). In addition, the non-examiners reviewed both subjective evidence and evidence of objective testing, so their opinions, which were awarded "some weight," are not "extremely subjective." (Tr. 45, 113-15, 145-47). Moreover, reliance upon the opinion of a non-examining physician is precluded only where "it is contradicted by all of the other evidence in the record." *Smith v. Schweiker*, 795 F.2d 343, 348 (4th Cir. 1986). In Plaintiff's case, there is evidence both supporting and undermining a finding of disability, so reliance on the opinion of non-examining physicians is entirely proper.

Plaintiff also contends that the AC should not have rejected Dr. Nwachinemere's opinion, since it had the benefit of additional examination records that supported the opinion and had not been presented to the ALJ. Pl. Mot. 9. In fact, however, several of those examination records post-dated Dr. Nwachinemere's opinion, and therefore did not provide a basis for the earlier assessment. *See*, *e.g.*, (Tr. 829, 831). Under *Meyer v. Astrue*, 662 F.3d 700, 705-06 (4th Cir.

*Juan Sepulveda Mattei v. Commissioner, Social Security Administration*
Civil No. SAG-16-3773
August 8, 2017

2011), the AC need not articulate its findings as long as the Court can assess, from a review of the entire record, the basis for the Commissioner's decision. The existence of the new examination records, which consist of a colonoscopy, an abdominal ultrasound, a polysomnography, visits to the sleep disorders clinic, and an appointment with an allergist, did not undermine the ALJ's basis for assigning "little weight" to Dr. Nwachinemere's opinion. The ALJ's point is that Dr. Nwachinemere never made treatment recommendations consistent with his opinion and did not order any follow up testing or imaging, as one would expect for a claimant who would have to elevate his legs more than 50 percent of the day and could only stand for a maximum of 10 minutes. (Tr. 44). Accordingly, I find no error in the AC's consideration of the new records.

Finally, Plaintiff suggests, generally, that 20 C.F.R. § 404.1519j "should preclude repeated consultative examinations with the same consultative examiner with the same identical findings." Pl. Mot. 9-10. In fact, § 404.1519j provides authority for a claimant or the claimant's representative to "object to your being examined by a medical source we have designated to perform a consultative examination." § 404.1519j. One stated basis for making such an objection would be "whether the medical source had examined you in connection with a previous disability determination or decision that was unfavorable to you." *Id.* However, the language of the provision clearly contemplates that the objection should be made prior to the consultative examination, so that it can be scheduled with a different physician. *Id.* Plaintiff does not allege that any such objection was made before any of his examinations with Dr. Cascella. In addition, because the ALJ assigned all of Dr. Cascella's opinions "little weight," even if an error had been made, it would be harmless.

**CONCLUSION**

For the reasons set forth herein, Mr. Mattei's Motion for Summary Judgment (ECF No. 17) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                              Sincerely yours,

                                              /s/

                                              Stephanie A. Gallagher
                                              United States Magistrate Judge